BUCHANAN v. PROVIDENT LOAN SOCIETY OF NEW YORK et al.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. PLEDGES (§ 48*)—RECOVERY BY PLEDGOR—COMPLAINT.

In an action by a pledgor against the pawnbroker for recovery of the pledge, a complaint alleging delivery of the pledge as security for a loan, to be returned on payment thereof, with interest, the value of the pledge, that demand had been made for return of the pledge before action brought, and refused on the ground that the pawnbroker had been notified by third parties not to deliver the pledge to plaintiff, states a cause of action for conversion.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 113–117; Dec. Dig. § 48.*]

2. PAWNBROKERS (§ 9*)—ACTIONS FOR CONVERSION—TENDER OF LOAN—NECESSITY.

Where a pledgee refused to redeliver the pledged articles on the ground that another claimed some interest therein, the pledgor was not bound to tender the loan and interest in order to maintain conversion therefor against the pledgee.

[Ed. Note.—For other cases, see Pawnbrokers, Dec. Dig. § 9.*]

3. PAWNBROKERS (§ 9*)—ENFORCEMENT—ACTION FOR CONVERSION—PARTIES—DEFENDANTS.

The complaint alleged the delivery of articles to defendant association as a security for a loan, and the subsequent tender of the loan, with interest, and a demand for redelivery, which was refused on the ground that the association was notified by other persons not to deliver the articles to plaintiff, and alleged upon information and belief that the individual defendants claimed an interest in the articles.  *Held* that, liberally construed, the complaint was in conversion, and the individual defendants were proper defendants, under Code Civ. Proc. § 447, permitting any person to be made a defendant who claims an interest in the controversy adverse to plaintiff.

[Ed. Note.—For other cases, see Pawnbrokers, Dec. Dig. § 9.*]

Appeal from City Court of New York, Special Term.

Action by Martha V. L. Buchanan against James E. Chandler and Henry M. T. Beekman, doing business as Chandler & Beekman, and others. From an interlocutory judgment overruling demurrers to the complaint, defendants named appeal. Affirmed, with leave to answer.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

James E. Chandler, for appellants.
I. T. Flatto, for respondent.

PER CURIAM.  The complaint in substance alleges that in March and April, 1907, plaintiff delivered to the Provident Loan Society certain articles of jewelry as a pledge or pawn, of the value of $2,000, to be held, and returned, on demand, upon payment of the amount loaned, with lawful interest; that, prior to the commencement of this action, demand for the return of said articles was made, and refused on the ground that said society had been notified "by other person or persons" not to deliver said articles to the plaintiff; and, upon information and belief, that defendants Chandler, Beekman, and Buchanan claim some interest in said articles. The defendants Chandler, Beekman, and

Provident Loan Society demur. The only ground of demurrer to be considered is that the complaint does not state facts sufficient to constitute a cause of action.

Construed liberally, this complaint is in conversion. The fact that the society issued its pawn tickets for the articles to the plaintiff sufficiently indicates their possession by plaintiff at the time of pawning and that said possession was presumably lawful. In view of the refusal of the society to deliver the articles for the reason stated in the complaint, no tender of the loan and interest was necessary. The society is sufficiently apprised of plaintiff's claim.

While in the caption of the complaint the defendants Chandler and Beekman are sued as copartners, nevertheless the complaint does not allege a copartnership, and those defendants individually, with defendant Buchanan, are charged with claiming some interest in said articles. It is doubtful whether they are necessary parties; but, under section 447 of the Code of Civil Procedure, they are not improperly brought in, if they are the claimants to these articles.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, and the defendants permitted to answer, upon payment within six days of the costs in this court and in the court below.